CHIN KEN et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. November 1, 1911.)

No. 23.

ALIENS (§ 32*)—PROCEEDINGS FOR DEPORTATION OF CHINESE—GROUNDS OF APPEAL.

    A defendant, charged with being a Chinese person unlawfully within the United States, who made no denial of his nationality, and no claim that he was within the exempted classes or that he was born in this country, who stated that he had no counsel and did not want one then, and who, on all other questions, refused to answer, but stood mute, has no ground of appeal from an order of deportation.

    [Ed. Note.—For other cases, see Aliens, Dec. Dig. § 32.*

    What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

Appeal from the District Court of the United States for the Northern District of New York.

Proceeding by the United States against Chin Ken and others. From an order of deportation, Chin Ken appeals. Affirmed.

For opinion below, see 183 Fed. 332.

This cause comes here upon appeal from an order of deportation made by the District Judge in the Northern District of New York (183 Fed. 332), directing that the appellant be deported to the empire of China upon the ground that he is a Chinese alien, not within the exempt classes, and unlawfully in the United States.

R. M. Moore, for appellant.

George B. Curtiss, U. S. Atty. (H. E. Owen, Asst. U. S. Atty., of counsel), for the United States.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The appellant was taken into custody at the village of Malone, N. Y., where he was found with three other Chinese persons loitering in the vicinity of the depot of the Rutland Railroad. Under complaint of the Chinese inspector a warrant was duly issued by the District Judge, by virtue of which he was taken before the District Judge and a hearing and examination duly had. There was evidence to the effect that defendant understood some English and understood the interpreter—also that he was a Chinese person, of which there was no denial. No claim was made by him that he was in the Chinese diplomatic service, nor that he was within one of the classes exempted from the operation of the exclusion acts, nor that he was a native-born citizen.

The court, through an interpreter, advising him of his rights, asked him if he had a lawyer or wanted to be represented by counsel. This was repeated over and over again, but from the beginning to the end of the examination he persistently refused to answer any questions, except that in response to the last three questions he said that he did not have a lawyer then, did not want one then, but might want one by and by, although the judge informed him that the time he needed one was there and then. These answers effectually dispose of the suggestion, made on the argument, that the court erred in not recognizing as his counsel one Berry, who was present and persistently insisted on being heard as his counsel. Defendant refused to say whether he had ever seen Berry before. The judge said to him:

"If you have got a lawyer, I will send for him, or any friends, I will send for them, or any relatives. You have a full chance to be heard here and now, and to tell about everything."

To which he refused to answer.

The interpreter testified that, when he talked with defendant in Malone jail, the latter gave him a paper which he said "was his permission to be in the United States." This paper was the ordinary certificate of residence issued to a Chinese laborer under the Act of 1892 (Act May 5, 1892, c. 60, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1319]), dated April, 1893, in the name of Chin Tia Yon, with photograph affixed, which one of the witnesses said "had a fair resemblance to him." The hearing was adjourned from November 12th to November 21st for appearance of attorney or further evidence, or both. Defendant still stood mute. He did say that his name was Chin Ken, but refused to answer whether he ever went by the name of Chin Tia Yon, or

where he got the certificate bearing that name, or whether the photograph was a picture of himself, although the court said to him:

"If that is you, you have a right to stay here."

The examination being concluded, the District Judge of course held that defendant had not made it appear to him that he was a subject or citizen of some other country than China, found him to be a Chinese person unlawfully within the United States, and ordered his deportation.

This appeal is the most preposterous one which has been brought before this court in the 20 years of its existence. It is not surprising that counsel who prosecuted it has filed no brief in support of his assignments of error, viz., that defendant was not given a reasonable time to prepare for trial, nor to produce testimony of his right to remain in the United States, and was not permitted to be represented by counsel.

The order is affirmed.